IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 04-00399 SOM |
| | ) | |
| Plaintiff, | ) | ORDER DENYING DEFENDANT MOSES |
| | ) | KIAKONA'S MOTION FOR |
| vs. | ) | COMPASSIONATE RELEASE |
| | ) | |
| MOSES KIAKONA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**ORDER DENYING DEFENDANT MOSES KIAKONA'S
MOTION FOR COMPASSIONATE RELEASE**

**I.     INTRODUCTION.**

Before the court is Defendant Moses Kiakona's motion for compassionate release. ECF No. 407. While very sympathetic, the court concludes that Kiakona does not establish on the present record that his immediate release is warranted. Kiakona's motion is therefore denied without prejudice to the filing of another motion based on a more thorough record.

**II.    BACKGROUND.**

In 2006, Kiakona was sentenced to 168 months of imprisonment and 120 months of supervised release for violations of various provisions of Title 21 of the United States Code. ECF No. 300. Kiakona began his supervised release in January 2017. ECF No. 402, PageID # 741. In May 2023, this court revoked his release status and sentenced him to 12 months of imprisonment and 60 months of supervised release for violating conditions of his release. ECF No. 406. His release date is

1

April 9, 2024.  *See* https://www.bop.gov/inmateloc/ (input Register No. 95305-022).

In September 2023, Kiakona moved for compassionate release on the ground that he was needed to care for his ailing mother in the wake of the fires that devastated Lahaina the previous month.[1]  The fires caused unprecedented destruction, claimed at least ninety-nine lives, and displaced thousands of residents.  *E.g.*, *Lahaina Fire Missing List Falls to 5; Death Toll Remains 99*, Honolulu Star Advertiser (Oct. 27, 2023), https://www.staradvertiser.com/ 2023/10/27/breaking-news/lahaina-fire-missing-list-falls-to-5-death-toll-remains-99/; Mike Baker, *A Journey Through Lahaina's Endless Streets of Suffering*, N.Y. Times (Aug. 15, 2023), https://www.nytimes.com/ 2023/08/11/us/lahaina-fire.html.

Among the displaced is Kiakona's mother, whose home burned down.  ECF No. 407-3, PageID # 762; ECF No. 407-4, PageID # 763.  Thirty years ago, she suffered a stroke, and now, in her seventies, she continues to suffer from "remnant weakness" that makes it difficult for her to care for herself.  ECF No. 407-4, PageID # 763; ECF No. 412-1, PageID # 769.  Before the fires, tenants living at her home provided daily assistance to her.  ECF No. 407-3, PageID # 762.  After her home burned down, she

---

[1]  During the same period, fires also ravaged Kula in Upcountry Maui.  The court focuses on the Lahaina fires because Kiakona's mother resides in West Maui.

moved in with her grandson, who is Kiakona's son, at a rural property in Honokōhau Valley in West Maui.  ECF No. 407-4, PageID # 763; ECF No. 412-1, PageID # 769.

**III.    ANALYSIS.**

Kiakona's compassionate release motion is governed by 18 U.S.C. § 3582(c)(1)(A), which provides that

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i)    extraordinary and compelling reasons warrant such a reduction; . . .
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

In other words, to exercise its authority under § 3582(c)(1)(A), the court must initially determine that the defendant exhausted his administrative remedies or that thirty days have passed since he filed an administrative compassionate relief request.  If the defendant satisfies the exhaustion requirement, the court then examines three considerations.  First, the court must find that extraordinary and compelling reasons warrant a sentence reduction.  Second, it must find that

3

such a reduction is consistent with the Sentencing Commission's policy statements.  Third, it must consider and weigh the factors set forth in 18 U.S.C. § 3553(a) to determine under the particular circumstances presented that the requested reduction in sentence is warranted.  *See United States v. Wright*, 46 F.4th 938, 945 (9th Cir. 2022); *United States v. Scher*, No. 15-00614 SOM, 2020 WL 3086234, at *2 (D. Haw. June 10, 2020).  "Although a district court must conclude that a defendant satisfies all three predicates before granting a motion for compassionate release, it may deny compassionate release if a defendant fails to satisfy any of these grounds."  *Wright*, 46 F.4th at 945.

### A. Kiakona Satisfies § 3582(c)(1)(A)'s Time Lapse Requirement.

More than thirty days before Kiakona filed the instant motion, he submitted an administrative request to the warden, asking for compassionate release based on his mother's need for care after she was displaced from her residence due to the fires.  ECF No. 407, PageID # 753; ECF No. 407-3, PageID # 762.  The Government does not contest Kiakona's satisfaction of the exhaustion requirement.  *See* ECF No. 413; *United States v. Keller*, 2 F.4th 1278, 1282 (9th Cir. 2021) (ruling that the administrative exhaustion requirement in 18 U.S.C. § 3582(c)(1)(A) is a mandatory claim-processing rule that may be deemed forfeited by the Government).  Accordingly, the court

4

concludes that Kiakona has fulfilled § 3582(c)(1)(A)'s exhaustion or time lapse requirement.

> **B.  Kiakona Has Not Demonstrated That Extraordinary and Compelling Circumstances Justify His Early Release.**

The court now addresses § 3582(c)(1)(A)'s first consideration:  whether extraordinary and compelling reasons warrant a sentence reduction.  In orders addressing compassionate release motions in other cases, this court has expressly recognized that it possesses considerable discretion in determining whether a particular defendant has established the existence of extraordinary and compelling reasons that justify early release.  *See, e.g.*, *United States v. Merkel*, No. 08-00160 SOM (02), 2023 WL 3570615, at *3-4 (D. Haw. May 19, 2023); *United States v. Mau*, No. 03-00083-SOM-1, 2020 WL 6153581, at *2-3 (D. Haw. Oct. 20, 2020); *Scher*, 2020 WL 3086234, at *2; *United States v. Cisneros*, No. 99-00107 SOM, 2020 WL 3065103, at *2 (D. Haw. June 9, 2020); *United States v. Kamaka*, No. 18-00085 SOM, 2020 WL 2820139, at *2-3 (D. Haw. May 29, 2020).  While the Ninth Circuit has not yet examined whether the Sentencing Commission's newly amended guidelines constitute applicable policy statements, the Ninth Circuit has recognized that the version of USSG § 1B1.13 in effect before November 1, 2023, was not an applicable policy statement governing compassionate release motions filed by defendants under

5

§ 3582(c)(1)(A).  Nevertheless, the Ninth Circuit opined that the Sentencing Commission's statements in the version of USSG § 1B1.13 then in effect could inform this court's discretion. *See United States v. Aruda*, 993 F.3d 797, 801-02 (9th Cir. 2021).  Thus, this court considers the guidance from the Sentencing Commission's newly amended guidelines.

USSG § 1B1.13(b)(3)(C) recognizes that the "incapacitation" of a defendant's parent "when the defendant would be the only available caregiver" may constitute extraordinary and compelling circumstances warranting compassionate release.  Kiakona has not established that his mother is incapacitated or that he is the only available caregiver, although the court does not rule out the possibility of his doing so on a fuller record in the future.

First, the record does not reflect the extent of his mother's need for a caregiver at this time or through April 2024, when Kiakona is scheduled to be released from FDC Honolulu.  Put differently, Kiakona's motion, the brief note from his mother's doctor, and the declaration from his son, by themselves, do not tell this court how incapacitated his mother is or will be.

Kiakona explains that, before the fires, his mother's tenants used to "provide[] daily care and assistance" to her.  ECF No. 407, PageID # 753.  After the fires, his mother moved to

6

a rural Honokōhau property that is not connected to the electrical grid.  ECF No. 407-4, PageID # 763; ECF No. 412-1, PageID # 769.  His mother's doctor noted that, due to her "remnant weakness," Kiakona's mother has "great difficulty operating the generators on her own[.]"  ECF No. 407-4, PageID # 763.  Kiakona's son added that his grandmother's post-stroke complications "impact[] her ability to walk and ambulate[,]" and she requires weekly medical appointments.  ECF No. 412-1, PageID # 769.

However, these brief explanations do not allow this court to understand how the mother's post-stroke complications limit her everyday life and the extent of caregiving help she needs.  For example, there are no medical records documenting her conditions and the frequency of her appointments, nor any explanation of the care she was receiving before the fires, as compared to the care she now receives.

Second, USSG § 1B1.13(b)(3)(C) requires not only incapacitation of a parent, but also a showing that "the defendant would be the only available caregiver for the parent."  The present record does not establish that Kiakona is a necessary caregiver.

In his motion, Kiakona states that he "is the only possible caretaker, with a home on Maui, to house and care for his aging mother who requires daily assistance and care with her medical issues."  ECF No. 407, PageID # 753.  Kiakona's son

7

explained that his grandmother now lives with him at the Honokōhau property, but he is "not able to provide her with adequate care" because he works full-time. ECF No. 412-1, PageID # 769. He notes that he has "been unable to take her to certain medical appointments" and feels that he is "neglecting her medical and personal needs." ECF No. 412-1, PageID # 769. He states that, if the court grants his father's motion, his father "would be able to provide her with the full-time care she requires." ECF No. 412-1, PageID # 770. The mother's doctor also noted that the mother stated that "no other family members are with her to help." ECF No. 407-4, PageID # 763.

This record does not sufficiently show that no one other than Kiakona can or will do more to fill any void in his mother's care. For example, there is no explanation as to whether any other relatives, household members, or friends in the community would have the time, money, and other resources to help with his mother's care. Filings from the Probation and Pretrial Services Office note that Kiakona has immediate family living on another island, ECF No. 402, PageID # 741, but there is no explanation of their capacity (or lack thereof) to assist with his mother's care if she relocated.

Nor can the court tell whether Kiakona has a driver's license or vehicle or would have other means of taking his mother to medical appointments.

8

Finally, the court has no information on whether Kiakona has explored whether his mother qualifies for assistance through Medicare or Medicaid, or other disaster response programs through Maui County or the State of Hawaiʻi that could provide caregiving resources.

Kiakona and his family are clearly facing huge hardships in the wake of the devastating fires.  The toll of caring for ailing relatives can be high even without the crises created by the fires and Kiakona's incarceration.  But the present record is too thin to establish extraordinary and compelling reasons for compassionate release.

### C.  Section 3553(a) Factors Do Not Support Compassionate Release on the Present Record.

In evaluating whether early release is justified, this court also considers the factors set forth in § 3553(a).  On the present record, those factors do not favor a reduction in Kiakona's sentence.

When balancing the § 3553(a) factors, the Ninth Circuit requires this court to

> use the fullest information possible concerning subsequent developments in the law, such as changes in sentencing guidelines, legislative changes to a mandatory minimum, and changes to a triggering predicate offense to ensure the punishment will fit the crime and critically, to ensure that the sentence imposed is also sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, and provide just punishment; to afford adequate deterrence; and to protect the public.

9

*United States v. Lizarraras-Chacon*, 14 F.4th 961, 967 (9th Cir. 2021) (quotation marks, alterations, and citation omitted).

Kiakona was involved in a serious drug offense.  But he served his original term of imprisonment and is now serving the remainder of a twelve-month sentence for violating the terms of his supervised release.  As of November 2023, Kiakona will have served seven months of this sentence.  Although this is not insignificant, the court is conscious that Kiakona has a violent criminal history, as well as pending state criminal charges against him, which served as the underlying conduct triggering the revocation of his supervised release.  *See* ECF No. 300; ECF No. 406.

While the federal crime for which Kiakona was incarcerated took place nearly a decade ago, *see* ECF No. 300, and is thus dated, Kiakona is in Criminal History Category VI, ECF No. 402, PageID # 739.  His multiple state convictions include convictions for assault in the second degree, assault in the third degree, terroristic threatening in the first degree, terroristic threatening in the second degree, burglary in the first degree, cruelty to animals, and theft-related offenses.  ECF No. 396, PageID # 731.  The pending state charges involve alleged violence.  *See* ECF No. 396, PageID # 729-30.

If the court were to order compassionate release, the

maximum supervised release period the court could impose would be the length of the imprisonment term that was cut short. Here, that would be mere months, instead of the five years the court imposed. *See* 18 U.S.C. § 3582(c)(1)(A) ("the court . . . may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment"). Kiakona submitted no release plan, saying only that he is able to pay the bail currently set for his state criminal matter. ECF No. 412, PageID # 768.

Balancing the factors set forth in § 3553(a), the court determines that those factors do not support Kiakona's compassionate release on the present record.

**IV.    CONCLUSION.**

Kiakona's motion for compassionate release is DENIED without prejudice to the filing of another motion based on a more thorough record.

It is so ordered.

DATED:  Honolulu, Hawaii, November 1, 2023.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge